UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTHONY CAROS, Appellant, | DOCKET NUMBERS PH-0752-12-0402-X-1 PH-0752-12-0402-C-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, Agency. | DATE: December 27, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rosemary Dettling, Washington, D.C., for the appellant.

Jeane Yoo and Laurel L. Poe, Baltimore, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      This compliance proceeding was initiated by the petitioner's December 8, 2014 petition for enforcement of the Board's February 25, 2014 order, which directed the agency to cancel the appellant's removal and pay him the correct amount of back pay, interest, and other benefits.  *Caros v. Department of*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

*Homeland Security*, MSPB Docket No. PH-0752-12-0402-C-1, Compliance File (CF), Tab 1; *Caros v. Department of Homeland Security*, MSPB Docket No. PH-0572-12-0402-I-2, Final Order (Feb. 25, 2014). On October 5, 2015, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement, CF, Tab 7, Compliance Initial Decision, and the appellant filed a petition for review, *Caros v. Department of Homeland Security*, MSPB Docket No. PH-0752-12-0402-C-1, Compliance Petition for Review File, Tab 1. On April 18, 2016, the Board granted the appellant's petition for review, found the agency not in full compliance with the Board's February 25, 2014 Order because it failed to show that its overtime and premium pay calculations for the back-pay period were reasonable, and referred the petition for enforcement to the Board's Office of General Counsel. *Caros v. Department of Homeland Security*, MSPB Docket No. PH-0752-12-0402-C-1, Order (Apr. 18, 2016). After fully considering the filings in this appeal, and based on the following points and authorities, we now find the agency in compliance with the Board's February 25, 2014 Order. Accordingly, we hereby DISMISS the appellant's petition for enforcement, based on our finding the agency in compliance. 5 C.F.R. § 1201.114(e), (g).

¶2      On June 17, 2016, the agency filed a response to the Board's April 18, 2016 Order, in which it asserted that it recalculated the appellant's overtime and premium pay for the back-pay period by using employees similarly situated to the appellant and determined that additional funds were owed to him. *Caros v. Department of Homeland Security*, MSPB Docket No. PH-0752-12-0402-X-1, Compliance Referral File (CRF), Tab 2 at 4. The response, however, did not include any evidence that the additional funds had been paid to the appellant. CRF, Tab 2. On October 6, 2016, the agency submitted evidence that the appellant's recalculated overtime and premium pay for the back-pay period had

been paid to the appellant, along with interest.[2] CRF, Tab 7 at 3, 6-7. Thus, because the agency provided evidence that it made the required recalculated overtime and premium pay payments, we find that the agency is now in full compliance with the February 25, 2014 Order.

¶3     Therefore, the Board finds that the agency is in compliance with the Board's February 25, 2014 Order and dismisses the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding.     Title 5 of the Code of Federal Regulations, section 1201.183(c) (5 C.F.R. § 1201.183(c)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

---

[2] On August 3, 2016, the appellant submitted a pleading in which he alleged that the agency did not properly calculate his overtime back-pay for the appropriate time period. CRF, Tab 3. As noted in the Board's August 25, 2016 Order, the appellant's concern is based on a misreading of the agency's June 17, 2016 submission. CRF, Tab 4 at 2. Contrary to the appellant's allegation, the agency's submission demonstrates that it did accurately recalculate the appellant's overtime and premium pay for the entire back-pay period. CRF, Tab 2 at 4.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS[3]**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the United States Code, section 7702(b)(1)  (5 U.S.C. § 7702(b)(1)).   If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

---

[3] The administrative judge failed to inform the appellant of his mixed-case right to appeal from the compliance initial decision on his discrimination claim to the Equal Employment Opportunity Commission and/or the United States District Court.  This was error, but it does not constitute reversible error, because we notify the appellant of his mixed-case appeal rights in this Final Order.  *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.